**CASE NO. 14-30067**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE
Plaintiffs/Appellees

v.

JAMES LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, WARDEN OF THE
LOUISIANA STATE PENITENTIARY, ANGELIA NORWOOD, WARDEN OF
DEATH ROW, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS
Defendants/Appellants

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA
Civil Action No. 3:13-cv-00368

---

Mercedes Montagnes, La. Bar No.
33287 (Lead Counsel)
Cecelia Trenticosta, La. Bar No.
32736
Elizabeth Compa, La. Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
Email:
mmontagnes@thejusticecenter.org

Mitchell A. Kamin, Ca. Bar No.
202788
Jessica C. Kornberg, Ca. Bar No.
264490
Nilay U. Vora, Ca. Bar No. 268339
Bird, Marella, Boxer, Wolpert,
Nessim,
Drooks & Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201- 2100
Fax (310) 201- 2110
Email: mak@birdmarella.com

Steven Scheckman, La. Bar No. 08472
Schiff, Scheckman, & White LLP
829 Baronne Street
New Orleans, Louisiana 70113
Tel. (504)581-9322
Fax (504)581-7651
Email: steve@sswethicslaw.com

COUNSEL FOR PLAINTIFFS-APPELLEES

CASE NO. 14-30067

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE
Plaintiffs/Appellees

v.

JAMES LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, WARDEN OF THE
LOUISIANA STATE PENITENTIARY, ANGELIA NORWOOD, WARDEN OF
DEATH ROW, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS
Defendants/Appellants

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

1. Plaintiffs-Appellees: ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE;

2. Attorneys for Plaintiffs-Appellees: MERCEDES MONTAGNES, ELIZABETH COMPA, AND THE PROMISE OF JUSTICE INITIATIVE;

3. Attorneys for Plaintiffs-Appellees: MITCHELL A. KAMIN, NILAY U. VORA, JESSICA C. KORNBERG, AND THE LAW FIRM OF BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.;

4.  Attorneys for Plaintiffs-Appellees: STEVEN SCHECKMAN AND THE LAW FIRM OF SCHIFF, SCHECKMAN & WHITE, LLP;

5.  Defendants-Appellants: JAMES M. LEBLANC, BURL CAIN, ANGELIA NORWOOD, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;

6.  Attorneys for Defendants-Appellants: E. WADE SHOWS, JAMES L. HILBURN, AMY L. MCINNIS, JACQUELINE B. WILSON, AND THE LAW FIRM OF SHOWS, CALI & WALSH, LLP;

7.  Attorneys for Defendants-Appellants: THOMAS E. BALHOFF, JUDITH R. ATKINSON, CARLTON JONES III, AND THE LAW FIRM OF ROEDEL, PARSONS, KOCH, BLACHE, BALHOFF & MCCOLLISTER

Respectfully Submitted:

/s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287
(Lead Counsel)
Cecelia Trenticosta, La. Bar No. 32736
Elizabeth Compa, La. Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
Email: mmontagnes@thejusticecenter.org

Mitchell A. Kamin, Ca. Bar No. 202788
Jessica C. Kornberg, Ca. Bar No. 264490
Nilay U. Vora, Ca. Bar No. 268339
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks & Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201- 2100
Fax (310) 201- 2110
Email: mak@birdmarella.com

Steven Scheckman, La. Bar No. 08472
Schiff, Scheckman, & White LLP
829 Baronne Street
New Orleans, Louisiana 70113
Tel. (504)581-9322
Fax (504)581-7651
Email: steve@sswethicslaw.com

## PLAINTIFFS-APPELLEES' MOTION TO STRIKE DEFENDANTS-APPELLANTS' MOTION AND FOR SANCTIONS AGAINST COUNSEL FOR DEFENDANTS-APPELLANTS

Plaintiffs-Appellees Elzie Ball, Nathaniel Code, and James Magee (together, "Plaintiffs") hereby move to strike the Motion for Emergency Stay of Judgment Pending Appeal (the "Motion") of Defendants-Appellants James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, Burl Cain, Warden of the Louisiana State Penitentiary, and Angelia Norwood, Assistant Warden of Death Row at the Louisiana State Penitentiary (together, "Defendants"). Plaintiffs also move for sanctions against James L. Hilburn, counsel to Defendants, for his material misrepresentation in certifying that the Motion complies with the twenty page limitation of Federal Rule of Appellate Procedure 27(d)(2).

## I.     Procedural and Factual Background

On January 24, 2014, Defendants filed the Motion on an emergency basis seeking a stay of the district court's order in this matter pending appeal.  In contravention of 5th Cir. R. 27.3, Defendants did not precede their motion with a telephone call to the offices of Plaintiffs' counsel advising of their intent to file the emergency Motion.  Plaintiffs do not know whether Defendants so advised the clerk's office in accordance with Rule 27.3.  The Motion was certified by Defendants' counsel James L. Hilburn ("Hilburn") as compliant with the page

1

limitations outlined by Rule 27(d)(2).  This Court ordered Plaintiffs to respond to

Defendants' Motion by February 3, 2014.

In initially reviewing the Motion to prepare its response, Plaintiffs relied

upon Mr. Hilburn's certification that the Motion was compliant with Rule 27(d)(2).

Upon closer examination, Plaintiffs' counsel realized on January 30, 2014 that the

Motion exceeded the twenty page limitation set forth in Federal Rule of Appellate

Procedure 27(d)(2).  Immediately upon making this realization, Plaintiffs informed

Defendants of the Motion's violation of Rule 27(d)(2) in written correspondence.

Ex. A.  Specifically, Plaintiffs made clear that they wished the Motion to be

decided on its merits but that prejudice would result from Defendants' and

Hilburn's actions given the Court's order that Plaintiffs oppose the Motion by

February 3, 2014.  *Id.*  Plaintiffs requested an expeditious response in an attempt to

reach a resolution of this matter that would remove the obvious prejudice to

Plaintiffs resulting from a need to respond to Defendants' procedurally flawed

Motion and Hilburn's false certification.  *Id.*

Instead of attempting to communicate with Plaintiffs' counsel to resolve the

issue, Defendants and Hilburn sought leave to exceed Rule 27(d)(2)'s page limits

***after they had already filed the procedurally barred Motion***.  Ex. B.  Given the

prejudice that would result as a result of Defendants and Hilburn's actions,

Plaintiffs are now forced to file the instant Motion to preserve their rights and to

attempt to prevent the undue prejudice that could result from Plaintiffs' compliance with Rule 27(d)(2) in their response to Defendants' noncompliant Motion.

## II. Plaintiffs respectfully request immediate consideration of this Motion so as to prevent undue prejudice to Plaintiffs in their response to the Motion.

Plaintiffs respectfully request expedited consideration of this Motion so as to prevent undue prejudice to Plaintiffs in their ability to respond to the Motion. Prejudice would result in the event that this Court granted Defendants' Motion when the Motion violated the twenty page limit in Rule 27(d)(2) but Plaintiffs' response to the Motion complied with Rule 27(d)(2). Plaintiffs move for this Court to issue a ruling on the instant Motion before the Plaintiffs' present deadline to respond to the Motion, *i.e.* before 5 pm on February 3, 2014. In the alternative, Plaintiffs move for this Court to defer the deadline for their response to the Motion and any ruling on Defendants' Motion for Stay until the Court can rule on this Motion to Strike.

Obviously, in the event that this Court is unable to rule on this Motion to Strike prior to the deadline for Plaintiffs' response to the Motion for Stay, Plaintiffs will file a response by the deadline contained in this Court's order, *i.e.* 5 pm on February 3, 2014.

### III. Defendants-Appellants' Motion should be stricken in its entirety because it exceeds the twenty page limit set forth in Rule 27(d)(2).

Defendants concede that their Motion exceeds the twenty page limit set forth in Rule 27(d)(2) by more than one page.[1]  Where a party seeks to file a motion before this Court that exceeds the page limitation outlined in Rule 27(d)(2), it must seek leave *prior to the filing of the motion whose pages exceed the requirements.* Fed. R. App. P. 27(d)(2) ("A motion or a response to a motion must not exceed 20 pages, exclusive of the corporate disclosure statement and accompanying documents authorized by Rule 27(a)(2)(B), *unless the court permits or directs otherwise.*").  In such a situation, this Court should exercise its power pursuant to Federal Rule of Appellate Procedure 27(c) and 5th Circuit Rule 27.2.9 to "strike . . . papers not conforming to the Fed. R. App. P. and 5th Cir. R." *United States v. Ferrand*, 284 Fed. Appx. 177, 179 (5th Cir. La. 2008) (finding proper Fifth Circuit's striking brief that did not have certification of compliance with type-volume limitations and that exceeded the page limitations).

Defendants' Motion is procedurally barred and will result in prejudice to Plaintiffs in the event that Plaintiffs are required to file a response to this procedurally flawed Motion.  Plaintiffs should not be prejudiced by Defendants' noncompliance and Plaintiffs' compliance in their response to the Motion.  The

---

[1]   The relevant portion of the Motion begins on page 4 and ends on page 25—*i.e.*, 22 pages.

appropriate remedy is to strike Defendants' Motion without prejudice to

Defendants' ability to refile a motion that conforms to the requirements of Rule

27(d)(2).[2]

### IV.   This Court should examine whether Counsel for Defendants James L. Hilburn should be sanctioned pursuant to Rule 46(c) for his conduct and his material misrepresentation to this Court and Plaintiffs that the Motion complies with Rule 27(d)(2).

Plaintiffs respectfully request that this Court undertake an inquiry as to

whether sanctions should issue against counsel for Defendants James L. Hilburn

("Hilburn") pursuant to Federal Rule of Appellate Procedure 46(b) and (c).[3]

Hilburn signed the Certificate of Compliance, which states in relevant part as

follows: "I certify that this opposition complies with the type-volume limitations of

Fed. R. App. P. 8 and 27(d)(2), because it is less than 20 pages in length."  Ex. B at

27.  The Certificate of Compliance goes on to state as follows: "I understand that a

material misrepresentation in completing this certificate . . . may result in the Court

striking the brief and imposing sanctions against the person signing the brief."

---

[2]   While Plaintiffs acknowledge that Defendants' Motion asserts an emergency justifying expedited consideration, such an assertion cannot justify an inability to comply with long-standing rules governing the filing of motions before this Court.  Any refiling of Defendants' Motion that might be necessary is unlikely to prevent the Defendants' emergency motion.

[3]   *See In re Snyder*, 472 U.S. 634, 643 (1985) ("While the language of Rule 46(c) is not without some ambiguity, the accompanying note of the Advisory Committee on Appellate Rules, 28 U.S.C.App., p. 496, states that this provision 'is to make explicit the power of a court of appeals to impose sanctions less serious than suspension or disbarment for the breach of rules.'").

Plaintiffs relied on these representations by Hilburn when they reviewed the Motion and began to prepare their response—which this Court ordered be filed on February 3, 2014.  It was only upon closer examination on January 30, 2014 that Plaintiffs realized that the Motion actually failed to comply with Rule 27(d)(2)— just four days before Plaintiffs' response to the Motion is due.

Perhaps more egregious is Defendants' cavalier response to Plaintiffs' attempt to appropriately resolve this obvious flaw in Defendants' Motion. Defendants never communicated with Plaintiffs to attempt to resolve the issue, but rather filed a ***belated Motion for Leave*** to exceed page limits or in the alternative to withdraw or strike pages of Defendants' Motion—and further asks this Court to not extend any of the deadlines by which Plaintiffs must respond to the Motion. Ex. B.  This belated Motion for Leave obviously prejudices Plaintiffs in several material ways, including Plaintiffs' ability to prepare a meaningful response to Defendants' procedurally barred Motion.  Defendants cavalierly suggest that they should not be penalized by striking the Motion because of the "emergency" nature of their situation, despite the fact that this Court has ***previously stricken the briefs of litigants for exceeding page limits***.  *See, e.g.*, *United States v. Ferrand*, 284 Fed. Appx. 177, 179 (5th Cir. La. 2008) (finding proper Fifth Circuit's striking brief that did not have certification of compliance with type-volume limitations and that exceeded the page limitations).

Given Hilburn's material misrepresentations and failure to meaningfully attempt to resolve this issue, Plaintiffs believe that this Court should examine whether sanctions against Hilburn are warranted. *See, e.g.*, *United States v. Martinez-Martinez*, 204 F.3d 1117 (5th Cir. 1999) ("Pursuant to Fed. R.App. P. 46(c), we hereby order Muñoz to show cause why this court should not impose sanctions or otherwise discipline him for misrepresenting to the court a critical fact relating to jurisdiction."); *United States v. Gaitan*, 171 F.3d 222, 224 (5th Cir. 1999) (issuing monetary sanctions following show-cause hearing). Courts have previously ordered sanctions against attorneys who have violated the page limits and related requirements of the Federal Rules of Appellate Procedure. *See, e.g.*, *Kano v. Nat'l Consumer Co-op. Bank*, 22 F.3d 899 (9th Cir. 1994) (issuing sanctions for violation of line spacing requirements that resulted in a brief that would have exceeded applicable page limits); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990) (issuing sanctions for failure to comply with rules governing form of briefs).

Consistent with the decisions of these other courts, Plaintiffs respectfully request that this Court should order Hilburn or other counsel for Defendants to show cause as to why they should not be disciplined under this Court's authority and/or required to pay Plaintiffs' costs and attorneys' fees associated with the preparation and filing of this motion.

## V.    Conclusion

For these reasons, Plaintiffs respectfully request that this Court grant

Plaintiffs' Motion to Strike and for Sanctions in full.

Respectfully submitted this 31st day of January, 2014.

/s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287
(Lead Counsel)
Cecelia Trenticosta, La. Bar No. 32736
Elizabeth Compa, La. Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
Email: mmontagnes@thejusticecenter.org

Mitchell A. Kamin, Ca. Bar No. 202788
Jessica C. Kornberg, Ca. Bar No. 264490
Nilay U. Vora, Ca. Bar No. 268339
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks & Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201- 2100
Fax (310) 201- 2110
Email: mak@birdmarella.com

Steven Scheckman, La. Bar No. 08472
Schiff, Scheckman, & White LLP
829 Baronne Street
New Orleans, Louisiana 70113
Tel. (504)581-9322
Fax (504)581-7651
Email: steve@sswethicslaw.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

Pursuant to 5th Cir. Rules 25.2.1 and 25.2.13, I certify that the required privacy redactions have been made and the electronic submission is an exact copy of the paper document.  Pursuant to 5th Cir. Rule 32, I certify that this motion complies with the type-volume limitations of Fed. R. App. P. 8 and Fed. R. App. P. 27(d)(2) because it is less than 20 pages in length.

This motion complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E), Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 software in Times New Roman 14-point font.

I understand that a material misrepresentation in completing this certificate or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7) may result in the Court striking the brief and imposing sanctions against the person signing the brief.

/s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
Email: mmontagnes@thejusticecenter.org

# BIRD | MARELLA

### BIRD • MARELLA • BOXER • WOLPERT • NESSIM • DROOKS & LINCENBERG

A PROFESSIONAL CORPORATION

**Nilay U. Vora**
nuv@birdmarella.com

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone (310) 201-2100
Facsimile (310) 201-2110
www.BirdMarella.com

File 9999.102

January 30, 2014

**Via E-Mail**

E. Wade Shows
    ews@scbllp.com
James L. Hilburn
    jamesh@scwllp.com
Amy L. McInnis
    amym@scbllp.com
Jacqueline B. Wilson
    jbw@scwllp.com
Shows, Cali, Berthelot & Walsh, LLP
P.O. Box 4425
Baton Rouge, Louisiana  70821

Thomas E. Balhoff
    tbalhoff@roedelparsons.com
Judith R. E. Atkinson
    jatkinson@roedelparsons.com
Carlton Jones, III
    cjones@roedelparsons.com
Roedel, Parsons, Koch, Blache, Balhoff
    & McCollister
8440 Jefferson Highway
Suite 301
Baton Rouge, Louisiana  70809

Re:    **Appellants' Motion for Emergency Stay of Judgment Pending Appeal in *Ball v. Leblanc***

Counsel:

It has just now come to our attention that Appellants' Motion for Emergency Stay of Judgment Pending Appeal (the "Motion") violates the 20-page limit of Federal Rule of Appellate Procedure 27(d)(2).  The Motion exceeds this limit by two pages.

**Appellees hereby request that Appellants respond to this correspondence by 10 A.M. Central Time tomorrow, January 31, 2014, to indicate whether Appellants will withdraw the Motion without prejudice** to Appellants' ability to refile papers that conform to the Federal Rules of Appellate Procedure.  Given the deadlines set out by the Fifth Circuit Court of Appeals, a timely response is required by 10 A.M. Central Time in order to preserve Appellee's rights and remedies in relation to Appellants' violation of Rule 27(d)(2).

Appellees believe that while the Motion should be decided on the merits, Appellees will suffer prejudice in the event that they are required to file a response that conforms to Rule 27(d)(2)'s page limitations, where the Motion was not so conformed.

BIRD | MARELLA

BIRD • MARELLA • BOXER • WOLPERT • NESSIM • DROOKS & LINCENBERG

Amy L. McInnis
Judith R. E. Atkinson
January 30, 2014
Page 2


   In the event that Appellants do not respond to this correspondence by the aforementioned time, Appellees reserve their right to move to strike the Motion and request sanctions against Appellants' counsel for their false certification that the Motion complies with the 20-page limit of Rule 27(d)(2).

                                        Sincerely,

                                        Nilay U. Vora

NUV:nuv

cc:    All Plaintiffs' counsel

3081518.2

IN THE UNITED STATES FIFTH CIRCUIT COURT OF APPEALS

No. 14-30067

ELZIE BALL, NATHANIEL CODE
AND JAMES MAGEE                                    RESPONDENTS

VERSUS

JAMES M. LEBLANC, SECRETARY
OF THE LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND
CORRECTIONS, ET AL.                                PETITIONERS

---

## MOTION FOR LEAVE TO EXCEED PAGE LIMIT REGARDING MOTION TO STAY OR IN THE ALTERNATIVE MOTION TO WITHDRAW AND/OR STRIKE PAGES

NOW INTO COURT, through undersigned counsel, come Defendant-Appellants, James M. LeBlanc, Secretary of Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Angelia Norwood, Assistant Warden, Louisiana State Penitentiary and the Louisiana Department of Public Safety and Corrections, who file this Motion for Leave to Exceed Page Limit regarding its Motion to Stay filed in the above-captioned matter on January 24, 2014. In the alternative, Defendants request that the court disregard and/or strike the one page and four lines that exceed the Court's page limit requirements.

# I.    Relevant Background

Defendants have filed a Notice of Appeal in the above-referenced matter regarding a ruling made by the District Court for the Middle District of Louisiana. Following this filing, on Friday, January 24, 2014, Defendants filed a Motion for Emergency Stay with this Court.  The filing was accepted by the Clerk in its original form, and a Court Directive was issued to Plaintiffs on Monday, January 27, 2014, directing them to file a response to the motion by Monday, February 3, 2014 at 5:00 p.m.

Defense Counsel received the attached letter from Plaintiffs' Counsel at 7:52 p.m. on Thursday, January 30, 2014, alerting them to the fact that their Motion to Stay exceeded the requisite page limit allowed for such motions.[1]  Upon review, Defense Counsel discovered that if this Court was to consider the Request for Emergency Consideration to be part of the memorandum, Defendants' memorandum exceeds the 20-page limit by one page and four lines.

# II.    Law and Argument

Defendants aver that any violation of this Court's rules was inadvertent and therefore in an effort to cure their mistake, respectfully request that the excessive pages either be allowed to remain in the brief as written, or in the alternative, that

---

[1] *See* Letter from Plaintiffs' Counsel attached hereto as Exhibit "A."

the final page and four lines that exceed the limit be disregarded and/or stricken by the Court.

### A. Defendants respectfully request that the Court grant it leave to exceed the page limitation by allowing their motion to stand and be considered as it was filed and accepted by the Clerk.

The Motion to Stay filed by Defendants involves a long-ongoing and factually and procedurally dense matter, as well as a 102-page ruling from the District Court, all requiring a rather lengthy explanation. The motion is also extremely time-sensitive in nature, as it seeks to stay the execution of an injunction requiring Defendants to comply with Court Orders by February 17, 2014. Defendants were admittedly inadvertent in surpassing the page limit requirements without the Court's consent, however, they aver that this error is not prejudicial to Plaintiffs, as all substantive arguments would be the same had the motion been slightly shorter in length.

The Clerk of Court accepted the motion in its current form, and did not require Defendants to resubmit a motion conforming to the requisite page limit pursuant to Fifth Circuit Rule 32.5. And while Defendants are aware that this motion is untimely pursuant to Fifth Circuit Rule 32.4, it requests that the Court in its discretion, simply allow their Motion for Emergency Stay to remain and be considered in the form it was accepted. Therefore, Defendants pray that the

Motion for Emergency Stay and all relating deadlines remain unchanged and that this Court allow the matter to proceed forward in its current form.

**B. In the alternative, Defendants request that the Court simply disregard the one page and four lines which surpass the requisite page limitations, and that the preceding pages be considered by the Court within the deadlines that it has already set.**

In the event that the Court deem Defendants' error to be unacceptable, Defendants request that it simply disregard and/or strike the excessive one page and four lines from its consideration, and that it consider the merits of the preceding pages in making its determination. Defendants submit this motion in good faith to correct an inadvertent error. Due to the time-sensitive nature of a Motion for Emergency Stay such as this, however, as well as the eleventh-hour alert as to the error's existence, there is simply no time to resubmit a conforming motion if deadline extensions are to result from such resubmission.

## III.   CONCLUSION

WHEREFORE, Defendant-Appellants, James M. LeBlanc, Secretary of Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Angelia Norwood, Assistant Warden, Louisiana State Penitentiary and the Louisiana Department of Public Safety and Corrections, pray that the Court either disregard Defendants' inadvertent error in exceeding the page limitations set forth by its Rules in filing their Motion for Emergency Stay, or in

the alternative, that it disregard the portions of Defendants' motion that violate the

Rules.

Respectfully Submitted:

James D. "Buddy" Caldwell Attorney General

By: **_/s/ James L. Hilburn_**
E. Wade Shows, La. Bar Roll No. 7637
Amy L. McInnis, La. Bar Roll No. 29337
James L. Hilburn, La. Bar Roll No. 20221
Jacqueline B. Wilson, La. Bar Roll No. 31055
**SHOWS, CALI & WALSH, LLP**
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467

and

Thomas E. Balhoff, Bar Roll No. 2716
Judith R. Atkinson, Bar Roll No. 17240
Carlton Jones, III, Bar Roll No. 25732
Special Assistant Attorneys General
**ROEDEL, PARSONS, KOCH, BLACHE,**
**BALHOFF & MCCOLLISTER**
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
Telephone: (225) 929-7033
Facsimile: (225) 928-4925

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon counsel for all parties via e-mail and/or by depositing same in the U.S. Mail, postage prepaid and properly addressed, on this 31st day of January, 2014.

/s/ James L. Hilburn
JAMES L. HILBURN

Mercedes Montagnes
THE PROMISE OF JUSTICE INITIATIVE
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
mmontagnes@thejusticecenter.org

Mitchell A. Kamin
BIRD, MARELLA, BOXER, WOLPERT, NESSIM
DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201-2100
Fax (310) 201-2110
bak@birdmarella.com

Steven Scheckman
SCHIFF, SCHECKMAN, & WHITE, LLP
829 Baronne Street
New Orleans, Louisiana, 70113
Tel. (504) 581-9322
Fax (504) 581-7651
steve@sswethicslaw.com

*Representing Plaintiffs*